ALFONSO CANTALINI, ADMINISTRATOR (ESTATE OF ROCCO DeCARLO, JR.), *vs.* ROWAN FELDER.

Third Judicial District, New Haven, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 22d—decided March 3d, 1931.

*Maurice J. Buckley*, with whom, on the brief, was *John A. Walsh,* for the appellant (plaintiff).

*William J. Lavery,* with whom, on the brief, was *George N. Finkelstone,* for the appellee (defendant).

PER CURIAM. None of the corrections in or additions to the finding requested by the appellant can be made. The deceased, a small child, was killed by being run over by an automobile truck operated by the defendant. It had been driven into a narrow driveway next the home of the deceased, whose father was the defendant's employer, for the purpose of getting a rope from a garage in the rear. The defendant had seen some children playing on the sidewalk in front of the house before he drove into the driveway and he knew that children lived on and played about the premises. Before starting to back the truck he looked all the way down the driveway and there was nobody on it. He then backed his truck, keeping a lookout to the rear on his left side and guiding it through the narrow passageway by its distance from the house. When he had backed into the street he first saw the deceased lying in the driveway about sixteen feet from the sidewalk. Upon these facts the trial court concluded that the defendant was not negligent, and we cannot say that that conclusion was one it might not reasonably have reached. The application of the doctrine of supervening negligence would depend, among other things, upon a finding that after the deceased came into a position of danger the defendant saw him or ought in the exercise of reasonable care to have seen him, but the first alternative is expressly found not to be so, and the other is necessarily rebutted by the trial court's conclusion, which, as has been pointed out, must stand.

There is no error.